UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-80117-CR-RLR

UNITED STATES OF AMERICA,

vs.

BRYAN ORO,

        Defendant.

_____/

# REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS EVIDENCE    [ECF No.  19]

Bryan Oro moves to suppress firearms, ammunition, controlled substances, and other evidence seized from a residence at 38 Pine Trail Road, West Palm Beach, Florida ("the Premises") on October 7, 2020. ECF No. 19. These items were seized based on two search warrants issued by Palm Beach Circuit Judge Gregory Keyser. The first warrant authorized a search of the Premises for evidence of financial fraud and marijuana crimes. ECF No. 23-1 at 12-15. While executing that search, the officers found a firearm. They then obtained a second warrant for firearms and ammunition. ECF No. 23-2 at 11-13.[1]

Mr. Oro is charged by indictment with being a felon in possession of firearms and ammunition, possession with intent to distribute a controlled substance, and possession of a firearm in furtherance of a drug trafficking crime. ECF No. 1. He

---

[1] As relevant to the issues presented in Mr. Oro's motion, the two warrant affidavits are identical.

moves to suppress all of the seized evidence on the grounds that the affidavit in support of the warrants contained false or misleading information, lacked sufficient probable cause, and was executed in an unreasonable manner. The Government's Response argues that Mr. Oro lacks standing, there is no factual basis for a *Franks* hearing on whether false statements were made to Judge Keyser, the search warrant was based on sufficient probable cause, the police acted in good faith reliance on the judicial warrants, and the manner of executing the warrant is not a legal reason to suppress seized evidence. ECF No. 23.

I conducted an evidentiary hearing on December 19, 2022. I am fully advised and this matter is ripe for decision. For the following reasons, it is RECOMMENDED that the Motion to Suppress be DENIED.

I. DISCUSSION

A. *Burdens of Proof*

The evidentiary burden at a suppression hearing is a preponderance of the evidence. *See United States v. Matlock*, 415 U.S. 164, 177 n.14, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). Mr. Oro bears the burden of establishing his constitutional standing. *United States v. Ramos*, 12 F.3d 1019, 1023 (11th Cir. 1994) (movant bears burden of proving a legitimate expectation of privacy in the areas searched). He also bears the burden of proving his fourth amendment rights were violated. *United States v. Touset,* 890 F.3d 1227, 1231 (11th Cir. 2018) (individual challenging a search bears burdens of proof and persuasion). The Government bears the burden of establishing

the good faith exception to the exclusionary rule. *See, e.g., United States v. Robinson*, 336 F.3d 1293, 1297 (11th Cir. 2003).

B. *Manner of Executing Warrant*

Even accepting *arguendo* all of Mr. Oro's allegations about how abusively the police executed the warrant, he is not entitled to suppression of any evidence. The fourth amendment's reasonableness requirement applies to the manner in which a search warrant is executed. *United States v. Ramirez*, 523 U.S. 65, 71 (1998). "Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression." *Id.* But, Mr. Oro has not cited — and I have not found — any case where suppression was the required remedy when a search was executed in a constitutionally-unreasonable manner but there was not a sufficient causal connection between the constitutional violation and discovery of the evidence in question. *See Hudson v. Michigan,* 547 U.S. 586 (2006) (suppression not appropriate remedy for knock-and-announce violation); *United States v. Collins*, 714 F.3d 540 (7th Cir. 2013) (suppression not appropriate remedy for constitutionally-excessive use of force).

C. *Standing*

Mr. Oro's father, Raphael Oro, testified about his son's access to the residence at the Premises. I found this testimony to be credible. It was primarily offered to establish Bryan Oro's standing to move for suppression. Based on Raphael Oro's testimony, the Government agreed that Bryan Oro has standing to bring this motion.

D. *The Warrant Affidavits*

This case began as a narcotics investigation. It later expanded to investigate public assistance fraud. The original search warrant application asserted independent probable cause for two separate crimes. The second search warrant added facts purporting to show probable cause to seize evidence related to firearms and ammunition.

The narcotics investigation consisted of PBSO Agents conducting two trash pulls at the Premises — one on September 18, 2020, and one on September 26, 2020.[2] Among the evidence found in the September 18 trash pull were a vacuum sealed bag containing marijuana residue, smaller Ziploc baggies containing marijuana residue, a $1,000 money wrapper with 7-8 rubber bands, and a gun show receipt from March 2020. Found in the September 26 trash pull were two vacuum sealed bags with marijuana residue, a Ziploc baggie with marijuana residue, and a Publix receipt referencing "EBT Food Purchase" for $83.21 for a card with number xxxx-4509.

In the warrant affidavit, PBSO Agent Hernandez opined — based on his training and experience — that the evidence recovered in the trash pulls was consistent with a person possessing more than 20 grams of marijuana and selling ounce quantities of marijuana. ECF No. 23-1 at 7.

PBSO Agent Hernandez credibly testified at the suppression hearing that, after locating the EBT receipt, he contacted PBSO Agent Leatherman for assistance

---

[2] Unless otherwise noted, these facts are taken from the sworn affidavits in support of the search warrants.

with a financial investigation. Agent Leatherman checked databases and found that Mr. Oro's mother had applied for (and received) SNAP benefits.[3] He reviewed two online SNAP applications that had been filed on April 8, 2020, and July 23, 2020. Both said the applicant lived at the Premises and listed rental expense of $1200 per month. Based on these applications, Mr. Oro's mother had received approximately $1100 in public assistance funds.

Agent Leatherman also checked property records for the Premises. As explained in the search warrant affidavits:

> During Agent Leatherman's investigation it was discovered that the residence located at 38 Pine Trail, West Palm Beach, Florida 33415, Parcel # 00-42-44-02-01-000-0206, was deeded by [redacted] of JPSA, LLC a Florida Limited Liability Company and of RCRU Investments, LLC a Florida Limited Liability Company to [redacted] and [redacted] for the sum of ten dollars ($10.00). Based on this information there is Probable Cause to believe that [sic] made a false statement on both April 8, 2020 and July 23, 2020 SNAP Benefit Applications as it pertains to her $1200 rent household expense, due to the fact that she owns the house in conjunction with her husband.

ECF Nos. 23-1 at 4; 23-2 at 3-4 (redactions in original).

Mr. Oro argues the warrant affidavit lacked sufficient evidence of a felony violation of Florida's narcotics laws. I reject that argument. Agent Hernandez opined (based on training and experience) that the evidence seized in the trash pulls was consistent with felony possession of marijuana and distribution of marijuana. There was evidence in the affidavit to support this opinion. Judge Keyser was within his discretion to credit the opinion. *United States v. Gonzalez*, 969 F.2d 999, 1004 (11th

---

[3] SNAP stands for Supplemental Nutrition Assistance Program.

Cir. 1992) ("The officers' experience may be considered in determining probable cause.... Conduct innocent in the eyes of the untrained may carry entirely different 'messages' to the experienced or trained observer.") (citing *United States v. Fouche*, 776 F.2d 1398, 1403-04 (9th Cir. 1985)).

Mr. Oro next argues that Agent Leatherman misled Judge Keyser because he suggested the property was only worth $10 when in fact it had sold for several hundred thousand dollars. Mr. Oro further argues that if the accurate information had been provided, it would have shown that the monthly mortgage on the property was approximately $2400, of which Mrs. Oro was responsible for $1200, which would have suggested that her SNAP application was a mistake not a fraud. Agent Leatherman credibly testified that he was not focused on the value of the property; the relevant fact was that the SNAP application falsely said the Premises were rented when, in fact, they were owned.

The Government argues there was no material misrepresentation to Judge Keyser. I agree. The value of the Premises was irrelevant to whether there was probable cause that the SNAP applications were fraudulent. It was sufficient probable cause — and not misleading — that there existed both a deed saying Mrs. Oro owned the Premises and a benefits application saying she rented them.[4]

---

[4] The Government argued that Defendant's Motion was insufficient to justify a *Franks* hearing. ECF No. 23 at 8. In an abundance of caution and for the completeness of the record, I allowed Mr. Oro to present his evidence of alleged misrepresentation. Because I deny his motion based on the fully-developed record, I need not decide the threshold question of whether he should have been entitled to a *Franks* hearing.

Finally, the investigating agents had a good faith basis to rely on the warrants. For the reasons discussed above, the affidavit did not contain any material misrepresentation and was based on adequate indicia of probable cause. Defendant does not claim — and there is no evidence that — Judge Keyser was not neutral and detached or that the warrant was facially deficient. *See United States v. Martin,* 297 F.3d 1308, 1313 (11th Cir. 2002).

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Suppress.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 27th day of December 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE